## Mahala Threlkeld, Appellee, v. Joe Norwodowski et al., Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Franklin county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded. Opinion filed November 13, 1916.

### Statement of the Case.

Action by Mahala Threlkeld, plaintiff, against Joe Norwodowski and others, defendants, under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), for damages for injury to her means of support due to the death of her son from intoxication from liquor sold to him by defendants.

Plaintiff lived with her husband and family. They had a home worth about $1,500, and the husband owned some land in Missouri worth about $500 and also had a small amount of money. The son lived with them, and for several years had been drinking heavily. He was a painter, and, when working, made from $3 to $5 a day, and gave his mother some $3 to $5 a week.

W. H. NELMS, F. P. DRENNAN and LAYMAN & JOHNSON, for appellants.

R. E. SMITH and W. P. SEEBER, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. INTOXICATING LIQUORS, § 233*—*when mother is injured in her means of support to extent of wages earned by son and paid her.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Threlkeld v. Norwodowski, 202 Ill. App. 599.

Where a son twenty-seven years old living with his parents and paying his mother a part of his wages substantially every week died from the effects of intoxication caused by liquors bought at a certain saloon, *held* that his mother had been injured in her means of support to the extent of the loss of his wages paid her, and was entitled to maintain an action under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), for damages because of such injury, notwithstanding she and her husband had some property and she may not have been dependent on such son for support.

2. DAMAGES, § 206*—*when instruction is erroneous in not restricting damages recoverable to proof.* An instruction as to damages which leaves it to the jury to give such an amount as in their judgment would compensate the plaintiff for the damage she had sustained, regardless of the proofs in the case, or one which recites various elements going to constitute damage to the plaintiff, without confining same to such as had been shown by the evidence, is erroneous in not restricting the damages to the amount as shown by the proof.

3. INTOXICATING LIQUORS, § 249*—*when instruction on damages in action for death due to intoxication is erroneous.* In an action under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), for damages for death of plaintiff's son caused by intoxication, an instruction which named as an element of damages to be considered by the jury the probable expectancy of life of the deceased and contained no reference to the probable expectancy of life of the plaintiff is erroneous, and such element should either have been omitted from the instruction or the jury should have been told they could consider the probable expectancy of life of both said deceased and said plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.